DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Stoneridge Farms Association, appeals from a judgment by the Lucas County Court of Common Pleas in favor of appellees, Frank J. Fuller and Rachelle R. Fuller. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On or about May 27, 2004, the Fullers submitted an offer to purchase Lot No. 46 in Stoneridge Farms, Plat 3, a subdivision in Springfield Township, Lucas County, Ohio. Attached to the offer was a set of plans for a multi-level (or split level) *Page 2 
residence that the Fullers intended to build on the subject property. Upon review of the plans by the subdivision's developer, Michael Zbierajewski, it was determined that the proposed residence did not conform with a deed restriction requiring that any new structure have at least 2,000 square feet of living area. As a result, the plans and specifications were returned to the Fullers for modification.
 {¶ 3} New plans were drawn and, upon their submission to Zbierajewski, were found to be fully compliant with the relevant deed restriction. As a result, Zbierajewski gave the Fullers approval to proceed with construction.
 {¶ 4} Construction of the home began in August 2004, and was completed in December 2004. On May 23, 2005, the association filed a complaint against the Fullers alleging that because the residence that they had constructed had only 1,400 square feet of living space above ground level, it violated the deed restriction requiring a total of 2,000 square feet of living space.
 {¶ 5} On July 20, 2005, the Fullers filed an answer denying the association's allegations. The case proceeded to bench trial on December 12, 2005. In a General Verdict filed on March 3, 2006, the trial court summarily found in favor of the Fullers. This summary finding was confirmed in a March 3, 2006 judgment entry that granted the Fullers judgment against the association and dismissed the association's complaint with prejudice. The association timely filed an appeal of the trial court's General Verdict and judgment entry, raising the following as its sole assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT DECLARING THE SECTION OF THE OHIO BASIC RESIDENTIAL BUILDING CODE THAT CONFLICTS WITH *Page 3 
THE RULES AND REGULATIONS PROPAGATED BY THE 1989 ACT OF CONGRESS (THE FINANCIAL INSTITUTIONS, RECOVERY, REFORM ACT) TO BE UNCONSTITUTIONAL UNDER THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION."
 {¶ 7} Fundamentally, this case requires us to interpret, within the context of the Fuller's multi-level home, the language of a deed restriction which sets the lower limits for the size of that home. Construction of a deed restriction is a matter of law and, as such, is reviewed by an appellate court under a de novo standard of review.Corna v. Szabo, 6th Dist. No. OT-05-025, 2006-Ohio-2764, ¶ 37.
 {¶ 8} In construing the language of a deed restriction, the court's goal is to ascertain the intention of the parties as reflected by the language used in the restriction. Hitz v. Flower (1922),104 Ohio St. 47, 57; Brooks v. Orshoski (1998), 129 Ohio App.3d 386, 390. The court must interpret the language of the restriction by giving it its common and ordinary meaning. Orshoski, supra, at 390-391.
 {¶ 9} Where the language of a deed restriction is unambiguous, the court must enforce the restriction as written. Corna, supra, at ¶ 38. But where the deed restriction is "* * * indefinite, doubtful and capable of contradictory interpretation, that construction must be adopted which least restricts the free use of the land." Houk v.Ross (1973), 34 Ohio St.2d 77, paragraph two of the syllabus.
 {¶ 10} The deed restriction at issue in the instant case relevantly provides:
 {¶ 11} "No structure shall be erected, placed or maintained on any residential lot other than one (1) single-family residence of not lessthan 2000 sq. ft. of living area *Page 4 
(measured from the outside of exterior walls and excludingbasements, decks, porches and garages) * * *." (Emphasis added.)
 {¶ 12} The Fuller's house is a tri-level house containing three levels of heated space totaling more than 2,000 square feet: the main level, containing the dining room; the upper-level, containing the bedroom area; and the lower-level, a 672 square foot, partly below-grade, level, containing the family room and utility room. (In addition to the three levels of heated space, there is a fourth level, containing a completely below-grade, unheated basement, which neither party includes in its calculation of total living area.) It is undisputed that when the square footage of the family room is included in the total square footage of living area, the Fullers' house satisfies the 2,000-square-foot deed restriction requirement.
 {¶ 13} The disagreement between the Fullers and the association hinges upon their differing definitions of the term "basement" and their differing notions of the term's effect as applied to the Fuller home. According to the association, the effect is to exclude from the total "living area" of the home any area that is below grade — including the 672 square feet containing the home's partly below grade family room and utility room. Arguing to the contrary, the Fullers claim that the mere fact that the family room level of their multilevel home is partly below grade is insufficient to prevent its inclusion as living area capable of satisfying the square footage requirement of the deed restriction.
 {¶ 14} At trial, the only even arguably relevant evidence presented by the association in support of its position consisted of various federal provisions apparently standing for the proposition that when appraisals are conducted for purposes of federally-insured *Page 5 
purchase loans, the term "gross living area" specifically includes only finished, above-grade residential space.
 {¶ 15} The Fullers, on the other hand, presented no less than six expert witnesses, all of whom testified that the square footage of the family room level of the Fuller's multi-level home should be included when calculating the total square footage of living area in the home. Defense witness, Lucas County Chief Building Official, John Walters, additionally testified that the fact that a room in a multi-level house is partially below grade level is insufficient, in and of itself, to render that room a basement under the Ohio Residential Building Code. Other factors that he testified needed to be considered in order to determine whether to characterize such a space as a basement included whether the space: (1) was unheated; (2) was unfinished; (3) had concrete floors or block walls; (4) had exposed ceiling joists; or (5) had low ceilings. It is undisputed that none of these other factors applied to the Fullers' family room level. Accordingly, Walters confirmed that the family room level would not be considered a basement under the Ohio Residential Building Code.
 {¶ 16} On the basis of the parties' conflicting evidence concerning the definition of the term "basement," we conclude that the deed restriction was, in fact, ambiguous. As such, the construction that must be adopted is the one which least restricts the free use of the land — i.e., the Fullers' construction, under which the Fullers' house satisfies the 2,000 square-foot deed restriction requirement.
 {¶ 17} In an attempt to avoid this result, the association argues (notably, for the first time on appeal) that the fact that the Fullers' house satisfies the deed restriction when *Page 6 
construed in conjunction with the Ohio Residential Building Code but fails to satisfy the deed restriction when construed in conjunction with the federal provisions reveals a conflict between the state and federal laws, thereby invoking the Supremacy Clause of the United States Constitution. According to the association, the Supremacy Clause mandates that the federal definition of "basement" prevail in this case, thereby causing the association to prevail in this appeal.
 {¶ 18} Unfortunately for the association, nothing about this appeal properly involves the Supremacy Clause. As indicated above, this case requires us to do no more than interpret a deed restriction. Nothing in the deed restriction suggests that the parties intended for the association's federal definition of "basement" to apply. Evidence of the conflicting law served only to demonstrate that there was ambiguity in the language of the deed restriction, which ambiguity required us to adopt the least restrictive construction, Houk, supra, — which happened to be the construction presented by the Fullers, and not the one presented by the association.
 {¶ 19} For all of the foregoing reasons, the association's assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1